## IN RE: COLUMBIA AND SNAKE RIVER DAMS CLEAN WATER ACT LITIGATION.

### MDL No. 2494.

United States Judicial Panel on Multidistrict Litigation.

Dec. 13, 2013.

Before JOHN G. HEYBURN II, Chairman, PAUL J. BARBADORO, CHARLES R. BREYER, LEWIS A. KAPLAN, SARAH S. VANCE, and ELLEN SEGAL HUVELLE, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:*** Pursuant to 28 U.S.C. § 1407, plaintiff Columbia Riverkeeper moves to centralize this litigation in the District of Oregon. This litigation currently consists of three actions pending in the District of Oregon, the Eastern District of Washington, and the Western District of Washington, as listed on Schedule A. Defendants in all three actions—the U.S. Army Corp. of Engineers and its Commanding General and Chief of Engineers, Lieutenant General Thomas P. Bostick (collectively, the Corps)—support the motion, but favor the Eastern District of Washington as the transferee forum.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the Eastern District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that eight hydroelectric dams operated by the Corps discharge pollutants into the waters of the Columbia and Snake Rivers in violation of section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a). Several of the dams at issue span state (and district) boundaries and are subject to more than one action, raising the specter of duplicative discovery and inconsistent pretrial rulings. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We have selected the Eastern District of Washington as the most appropriate transferee district for this litigation. This district will be most convenient for the parties and witnesses, as seven of the eight dams—where both parties expect relevant documents and witnesses to be found—as well as the Corps' Walla Walla District Office are located there.[1] By selecting the

---

* Judge Marjorie O. Rendell took no part in the decision of this matter.

1. We are not convinced by Columbia Riverkeeper's argument in favor of the District of Oregon based on the pendency of an action there between the same (and other) parties over the same (and other) dams. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.,* C.A. No. 3:01–00640, 839 F.Supp.2d 1117 (D.Or.2011). That action involves different

Honorable Lonny R. Suko to preside over this matter, we are selecting an experienced jurist with the willingness and ability to oversee this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A pending outside the Eastern District of Washington are transferred to the Eastern District of Washington and, with the consent of that court, assigned to the Honorable Lonny R. Suko for coordinated or consolidated pretrial proceedings with the action pending there.

## SCHEDULE A

**MDL No. 2494 — IN RE: COLUMBIA AND SNAKE RIVER DAMS CLEAN WATER ACT LITIGATION**

*District of Oregon*

*Columbia Riverkeeper v. U.S. Army Corps of Engineers,* et al., C.A. No. 3:13–01310

*Eastern District of Washington*

*Columbia Riverkeeper v. U.S. Army Corps of Engineers,* et al., C.A. No. 2:13–00282

*Western District of Washington*

*Columbia Riverkeeper v. U.S. Army Corps of Engineers,* et al., C.A. No. 3:13–05640

claims (primarily involving the effect of river levels and spill operations on salmonid populations) under a different statute (the Endangered Species Act). Thus, it seems very unlikely that an injunction issued in one litigation would conflict with an injunction issued in the other.